# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13-cv-583 | **DATE** | 1/31/2013 |
| **CASE TITLE** | Ahmed-Al-Khalifa v. Perryman | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [4] is denied. Plaintiff's Motion for Appointment of Counsel [5] is denied as moot. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

On January 24, 2013, Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa filed a Complaint with an application to proceed without paying the customary $350 filing fee. Plaintiff alleges his Constitutional rights were violated when he was deported without proper due process and seeks to sue Brian Perryman, an officer with the U.S. Immigration and Naturalization Service. In the last month, Plaintiff filed at least three other similar actions in the Northern District of Illinois, all without paying the requisite filing fees. These other actions allege similar claims against F. Ramos, a "deportation officer"; U.S. Attorney General Eric Holder; and the Court of Appeals for the Seventh Circuit. *See* Case Nos. 13-cv-582, 12-cv-10339, and 13-cv-586. In 2002, Plaintiff, proceeding under the name "Oluwashina Ahmed," filed petitions for writs of *habeas corpus*, which were dismissed upon the Court's notification that Plaintiff had been deported, in 2002, to Nigeria. *See* Case Nos. 02-cv-2022, 02-cv-2518, 02-cv-2713, 02-cv-2768.

Plaintiff, who is also known as Mark Ayilla, is a Nigerian citizen, who was arrested "after he obtained a fraudulent birth certificate and social security card from a known counterfeiter cooperating in a government sting operation. After his arrest Ayilla falsely told agents interviewing him that he was a United States citizen. Ayilla subsequently waived indictment and pleaded guilty to producing a false identification document in violation of 18 U.S.C. § 1028(a)(1) and falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911." *United States v. Ayilla*, 50 Fed. App'x. 309 (7th Cir. 2002). After pleading guilty, Plaintiff completed his term of imprisonment of five months and was deported to Nigeria. Now, over ten years after his deportation, Plaintiff alleges his rights were violated under 42 U.S.C. § 1983.

If a court is presented with a case submitted with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short

## STATEMENT

and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Nothing in Plaintiff's Complaint against Perryman establishes his right to relief above a speculative level. Moreover, a complaint need not anticipate affirmative defenses; however, a plaintiff can plead himself out of court. "The exception occurs where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Even assuming Plaintiff could assert a claim under 42 U.S.C. § 1983, it is plain Plaintiff was deported in 2002. Therefore, it is apparent that relief is barred by the statute of limitations governing Section 1983 claims, which is two years in Illinois. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Hence, Plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); 28 U.S.C. § 1915(e)(2)(B)(ii).